WELCH, J.,
concurring in part and dissenting in part.
| iWhile I agree with the majority that service by publication of the Motion for Judgment filed by the LCDA did not raise constitutional due process concerns and, thus, did not provide a basis for denying the Motion for Judgment herein,' I disagree with the majority’s decision to affirm the judgment of the district court denying LCDA’s Motion for Judgment.
Louisiana Revised Statutes 13:5123 provides,- in pertinent part, that “[t]he governing body of any governmental unit proposing to issue or which is in the process of issuing bonds ... may bring at any time a proceeding in the district court having original jurisdiction over the matter, ... to establish the validity of such bonds ... and all proceedings theretofore taken in connection with the authorization or issuance of such bonds •... and the validity of all pledges of revenues and of all covenants and provisions which constitute a part of the contract between such governmental unit and the holders of such bonds” and “[s]uch proceedings shall be brought by filing a motion for judgment describing such bonds and the proceedings had relative to the issuance thereof and alleging that such bonds when issued will be valid and legal obligations of the issuing governmental unit.... ” (Emphasis added.)
The Motion for Judgment filed by the LCDA (which sought to establish the validity of the PACE bonds, all proceedings taken in |2connection with the authorization of the bonds, and of all contracts and agreements providing for their security and method of financing), specifically set forth that LCDA adopted a resolution authorizing the issuance of the PACE bonds, detailed the security and financing method for the PACE bonds, and asserted that the bonds, when issued, would be valid and legal obligations of the LCDA. Thus, the Motion for Judgment fully complied with the requirements of La. R.S. 13:5123.
The majority herein determined that the district court’s judgment denying the Motion for Judgment should be affirmed because LCDA failed to introduce (or otherwise offer into the record) the bond resolution authorizing the issuance of the PACE bonds or evidence to show the bond resolution’s proper passage. However, there is no requirement set forth in La. R.S. 13:5123 that such resolution be included in the record. Had the Louisiana Legislature intended that the resolution authorizing the issuance of bonds be included with the Motion for Judgment, they would have included such a requirement. Accordingly, since there was no opposition to the LCDA’s Motion for Judgment and since LCDA fully complied with La. R.S. 13:5123, I would reverse the Jan *243 uary 7, 2015 judgment of the district cpurt denying the Motion for Judgment and render judgment in favor of the .LCDA, granting the Motion for Judgment and decreeing that the proposed PACE bonds are legal and valid.
Thus, I respectfully concur in part and dissent in part.